.56          APPELLATE COURTS OF ILLINOIS.

VOL. 82.]    Berlin Machine Works v. Keenan Bros. Mfg. Co.

---

## Berlin Machine Works v. Keenan Brothers Mfg. Co.

1.   DAMAGES—*Excessive, Under the Evidence.*—Under the evidence in this case the court holds that the recovery of damages was limited to one hundred dollars.

Assumpsit.—Breach of contract.   Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the October term, 1898.   Remittitur, ordered filed April 20, 1899, and cause affirmed.   Opinion filed March 30, 1899.

On the 29th day of October, 1896, appellee gave to a salesman of appellant an order for a sanding machine on one of the regular printed blanks furnished by appellant, which was substantially as follows:

"CHICAGO, Oct. 29, 1896.
BERLIN MACHINE WORKS,

Main office and works,                               Branches:
    Beloit, Wisconsin.                      New York, Chicago,
                                                 San Francisco.
Please ship in good order, delivered F. O. B. our factory,

about, at once, 1-48 invincible sander, number 8, perfectly constructed.

You agree to have an expert to superintend setting and starting machine which you agree to set in place—we to furnish all belts.

For which we agree to pay within four months after date of shipment, six hundred and fifty dollars, as follows:

One-half in 60 days after date of shipment.

One-half in 120 days after date of shipment.

It is agreed that title to the property mentioned above shall remain in consignor until fully paid for and that consignee shall keep the same fully insured for the benefit of consignor. It is agreed that this contract is not modified nor added to by any agreement not expressly stated herein, and that retention of the property after thirty days from date of shipment shall constitute acceptance and trial and void all contracts of warranty, express or implied.

Ship via.....................

(Signed)   Keenan Bros. Mfg. Co.

By John Keenan, Pres.

Accepted by

Edwin Anderson,

Salesman for Berlin Machine Works,

Subject to approval main office,

Beloit, Wisconsin."

This order was never formally accepted by the appellant corporation; but a series of negotiations ensued, which resulted in a counter proposition made by appellant to appellee, which differed from the original proposition to buy only in the matter of time of delivery. This counter proposal is made by the following letter sent by Anderson, salesman of appellant, to appellee:

"We advised our factory just what your Mr. Keenan told us over the telephone, that you would cancel the order if the machine was not here in a week from the time you gave the order, at which time we thought it would be possible to deliver you a machine.

We have received a letter from our president, Mr. P. B. Yates, dated Beloit, as follows:

'In relation to Keenan Bros., would say that we care very little for the business, and if we lose it, it will be no great loss. We have been rushed almost to death, and we can not ship their machine inside of ten days or two weeks, unless we would rush it through and give them a poor machine.

58    APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Berlin Machine Works v. Keenan Bros. Mfg. Co.

It would be well enough to so advise them, and if they wish to cancel the order and buy elsewhere, it is just as well if they do it, for I understand we are not only to pay the freight on the machine to Chicago, but to deliver it to their mill, and are obliged to raise it to the second or third story, and the expense will be no less than $50, which will net us a price at which no other concern in America can net any profit at all. We want their business just for the sake of shutting out competition, but with the most superhuman efforts, we could not get this machine out any sooner. It will be at the utmost a week from next Thursday before we can deliver them the machine.'

You will note by the above, that, owing to the press of business, they can not get you a machine at the present time in less than ten days or two weeks. It might be sooner, but they do not want to guarantee any quicker delivery.

They are making you a machine carefully, but have a great deal of work, and do not want to promise before they can really ship.

This ends our side of the question, and if it is not agreeable to you, and you wish to cancel the order, which we hope you will not, we will have to abide by the consequences.

As soon as the machine is delivered in Chicago, we think it will be, within twelve hours, in running condition.

Drop us a postal as to your decision in the matter, and oblige."

There was evidence tending to show that this counter proposal of appellant was accepted by appellee.

Afterward appellant refused to carry out the contract, basing its refusal upon insulting language claimed to have been used by one of appellee's agents in conversation with an agent of appellant, and also upon the fact that the original order had never been accepted by appellant. For breach of the contract appellee brought this suit.

The jury found the issues for appellee, and assessed the damages at $450.

From judgment upon the verdict this appeal is prosecuted.

FARSON & GREENFIELD and CRATTY, JARVIS & CLEVELAND, attorneys for appellant.

Steele & Roberts, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The original written order was not formally accepted by appellant. But there was sufficient evidence to warrant the jury in finding that a counter proposition made by appellant, by which the machine in question was to be delivered by November 19, 1896, was accepted by appellee. The evidence as to a breach of the contract is uncontradicted. The only questions, therefore, which we have to consider are such as relate to the measure of damages and matters of procedure.

The testimony showed that appellee was, by reason of the breach of the contract, deprived of the use of a sander, the machine in question, for two weeks. It is also claimed as an element of damage, that appellee was obliged to purchase a machine in the market at a price higher than the price agreed upon in the contract with appellant.

No competent evidence was presented by appellee to show the rental value of such a machine for the period of two weeks. But appellant did present evidence in this behalf, and while it is perhaps questionable if it disclosed the true rental value, disconnected with the element of a conditional sale, yet appellant can not complain if the evidence presented by itself be taken as the basis of value. The damages for deprivation of use, measured by this, the only evidence in the case upon this point, could not exceed $25 for the two weeks. Nor was there any competent evidence offered by appellee as to the market price of machines like the one in question at the time of the purchase. It merely sought to show what it had paid; not what it was compelled to pay. Upon this question of value, appellant presented evidence. From such evidence it would appear that the highest valuation would fix the measure of damages in this behalf at $75. There is no evidence in the case which warranted the jury in assessing appellee's damages at more than the aggregate of these two sums, viz., $100. No special contract of appellee with others, or probable damage

which might result therefrom upon a failure on the part of appellant to carry out its contract, can be said to have been considered by the parties in the making of this contract.

If there was error in refusing to give the instruction asked by appellant as to the right of appellee to recover upon any agreement other than an acceptance of the written order, because of the pleadings, such error was waived by the tender of another instruction by appellant, which the court gave, and by which the right to recover upon such later agreement was recognized, if the jury found such an agreement to exist.

If the appellee shall, within ten days, remit $350 of the amount of the judgment, then the judgment will be affirmed as to the remainder, viz., $100; otherwise it will be reversed and the cause remanded. In either event, appellant will recover costs.